UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.W. and J.W., individually and on behalf of J.W.

Plaintiffs,

Civ. No. 1:20-cv-3026

COMPLAINT

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

PRELIMINARY STATEMENT

1. This is an action alleging that Defendant, the New York City Department of Education and the Board of Education (collectively "Defendant"), violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), as well as New York State law.

JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C.§ 1331, and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367.

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to adjudicate any state claims that arise out of the same facts as the federal claims asserted herein.

4. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant is situated and/or resides.

5. This Court has jurisdiction under 28 U.S.C. § 1331 in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for protection of civil rights, and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et. seq*.

6. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) *et. seq*.

PARTIES

7. Plaintiffs, S.W. and J.W., are the parents and natural guardians of J.W., a ten-year-old boy who has been diagnosed with, *inter alia*, Autism Spectrum Disorder ("Autism").[1]

8. S.W., J.W., and J.W. reside in New York, New York.

9. Plaintiff J.W. is a student with a disability who is eligible for a Free Appropriate Public Education ("FAPE") pursuant to the Individuals with Disabilities Education Act[2] ("the IDEA").

10. J.W. is a qualified individual with a disability who is eligible for a FAPE under Section 504 of the Americans with Disabilities Act ("ADA") and is protected from discrimination based upon his disability.

---

[1] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

[2] The IDEA was reauthorized in 2007 as the Individuals with Disabilities Education Improvement Act; however, the statute is still commonly referred to as the "IDEA."

11. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.

12. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a corporate body, created by Article 52 of the New York State Education Law, CLS Educ. Law § 2550 *et seq*., that manages and controls the public school system of the City of New York and is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law. *See* 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

13. Upon information and belief, the DOE receives funding pursuant to the IDEA, and therefore must comply with that statute's provisions, including providing a FAPE to all students with educationally handicapping conditions, including E-B.-N., who reside within New York City. *See* 20 U.S.C. § 1412.

14. Upon information and belief, the DOE's principal place of business is 52 Chambers Street, New York, New York 10007.

15. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

## LEGAL FRAMEWORK

16. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

17. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

18. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

19. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

20. The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the DOE is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

21. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

22. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

23. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the DOE's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

24. The written request shall include "the name of the student, the address of the residence of the student . . . the name of the school the student is attending, a description of the nature of the problem of the student relating to such proposed or refused initiation or charge, including facts relating to such problem, and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

25. The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted.

26. Upon the issuance of a final decision and order, parties have forty calendar days to appeal the final order and decision ("FOFD") from the date the Impartial Hearing Officer issues the FOFD. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited April 14, 2020).

27. During the applicable time period, upon the expiration of the forty days, the FOFD becomes an unappealed decision and is then final and non-appealable.

28. Upon information and belief, the DOE's Impartial Hearing Order Implementation Unit is charged with timely complying with the FOFD.

29. In subsequent school years, a student may invoke pendency entitlements in a due process complaint for that subsequent school year. 20 U.S.C. §1415(j).

30. Under IDEA, a student's "stay put" program (also known as "pendency")[3] is an automatic and unconditional right. 20 U.S.C. § 1415(j).

31. The DOE requires that students' pendency entitlements must first pass an additional threshold by requiring students' advocates to secure an Order of Pendency ("OP" also known as an Interim Order on Pendency or "IO") before it will honor a student's automatic and unconditional right to pendency. This is true even when the DOE does not contest the pendency program that was invoked.

32. DOE's requirement to first obtain a "Pendency Order" violates J.W.'s rights as it necessarily delayed what the DOE improperly perceives as establishing J.W.'s right to his automatic pendency entitlement.

33. Upon information and belief, the DOE is the only school district in New York that forces students and their advocates to seek an OP from an impartial hearing officer even when it does not contest the pendency invoked in the due process complaint.

34. Pendency is retroactive to the date of the filing of the due process complaint. *See Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004).

35. Plaintiffs, as the substantially prevailing party, may recover reasonable attorneys' fees from Defendant pursuant to the fee-shifting provisions of IDEA and, in particular, 20 U.S.C. § 1415.

36. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in *Plaintiffs'* favor that also established Plaintiffs' status as a substantially prevailing

---

[3] The terms "stay put" and "pendency" are used interchangeably throughout this Complaint.

party for purposes of IDEA's fee-shifting provisions and upon the filing of a due process complaint for the 2019-2020 school year, wherein J.W.'s pendency entitlements were invoked.

37. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that plaintiffs may be awarded in this fee application action and in the underlying administrative proceedings, as a prevailing party in impartial hearing case number 178762 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

## FACTS

### 2018-2019 School Year—Impartial Hearing Case Number 178762

38. Plaintiffs filed a due process complaint on October 18, 2018, alleging a denial of FAPE for the 2018-2019 school year.

39. The due process complaint was processed as case number 178762.

40. A pendency hearing was held on January 3, 2019.

41. Hearings in this matter were held on three separate days: January 7, 2019, February 11, 2019, and April 8, 2019.

42. Plaintiffs introduced twenty-four documents into evidence.

43. Defendant entered zero documents into evidence.

44. Plaintiffs called three witnesses for their case in chief.

45. Defendant called no witnesses.

46. On April 8, 2019, the impartial hearing officer issued the nine page FOFD in Plaintiffs' favor.

47. Specifically, the impartial hearing officer ordered the following:

> **IT IS HEREBY ORDERED** that the New York City Department of Education is directed to fund the cost of the Student's 2018-2019 placement at the Manhattan Children's Center in an amount not to exceed $116,250.00 by issuing reimbursement to the Parents within thirty (30) days of the submission

of proof of payment and proof of attendance.

48. The DOE did not appeal the FOFD and it is now final and non-appealable.

49. Plaintiffs are therefore the prevailing party and are entitled to their reasonable attorneys' fees and costs.

50. This action is timely brought to recover attorneys' fees.

51. Under the fee-shifting provisions of the IDEA statute, plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs at the impartial hearing level and in their efforts to enforce the Order and this herein action in a total amount to be determined by this Court.

52. Despite many requests made to DOE's Impartial Hearing Office Implementation Unit, the DOE has not complied with any part of the April 8, 2019 FOFD.

**2019-2020 School Year—Impartial Hearing Case Number 183981**

53. On June 28, 2019, Plaintiffs filed a due process complaint alleging a denial of FAPE for the 2019-2020 school year and invoking J.W.'s pendency entitlements.

54. The due process complaint was processed as case number 183981.

55. On July 16, 2019, a pendency hearing took place, and the DOE did not object to or contest J.W.'s pendency position.

56. Plaintiffs offered two documents as evidence of J.W.'s pendency entitlements.

57. On August 3, 2019, Plaintiffs received an Order on Pendency, dated July 29, 2019, which ordered the following:

> A) The Findings of Fact and Decision of Mindy Wolman, Esq., dated April 18, 2019, ("the Decision") is the basis for a determination as to the student's entitlements during the pendency period of this matter (Ex. B);
> B) Pursuant to pendency provisions of applicable federal and state regulations and based upon the Decision, the student is entitled to receive from the DOE,

for the period from July 1, 2019 until this action is withdrawn or a final decision is issued, the following:
Tuition payment for a 12 month program at the Manhattan Children's Center. SO ORDERED.

58. The DOE did not appeal the pendency order.

59. As of the date of this Complaint, DOE has failed to comply with the pendency order and has not made any payments as ordered, jeopardizing J.W.'s education program.

60. The 2019-2020 school year case is still pending in the impartial hearing office.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### THE IDEA—2018-2019 School Year—Failure to Comply With the FOFD

69. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

70. Defendant has failed to implement fully the April 8, 2019 FOFD.

### SECOND CAUSE OF ACTION
### THE IDEA—2019-2020 School Year Pendency Entitlement

69. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

70. Defendant has repeatedly failed to implement J.W.'s stay put rights under the IDEA.

71. Defendant has repeatedly failed to comply with the IDEA's procedural requirements, including its mandate to provide J.W. with his stay put entitlements.

72. Defendant denied Plaintiffs their stay put rights under the IDEA, and this is prejudicial to J.W. and is jeopardizing his school program and placement.

THIRD CAUSE OF ACTION
ATTORNEYS' FEES

73. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

74. Defendant has not paid any attorneys' fees or costs to Plaintiffs incurred for the 2018-2019 school year action.

75. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

76. Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in connection with the actions concerning the 2019-2020 school year.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court:

i. Assume jurisdiction over this action;

ii. Issue a declaratory judgment that Defendant has violated Plaintiffs' rights as alleged herein;

iii. Issue a TRO and preliminary injunction directing Defendant to immediately implement the FOFD dated 04/08/2019 in its entirety;

iv. Issue a TRO and preliminary injunction directing Defendant to immediately implement J.W.'s stay put rights as per the 07/29/2019 order by, *inter alia,* immediately funding the Manhattan Children's Center as of July 1, 2019;

v. Issue a preliminary and permanent injunction directing Defendant:

(a) to implement the decisions and orders in Plaintiffs' favor; and

(b) award additional equitable relief to remedy the failure to implement the decisions and J.W.'s stay put services.

vi. Award Plaintiffs reasonable attorneys' fees and costs in accordance with Plaintiffs' status as the prevailing party in case number 178762, and the work implementing the decisions and this ensuing action;

vii. Award Plaintiff reasonable attorneys' fees and costs incurred in connection with case number 183981 and this ensuing action; and

viii. Award such other, and further, relief as to the Court may seem just and proper.

Dated: April 14, 2020
NEW YORK, NEW YORK

Respectfully submitted,
SPENCER WALSH LAW, PLLC

/s/ Tracey Spencer Walsh
Tracey Spencer Walsh
Spencer Walsh Law, PLLC
625 W. 57th Street, Suite 1810
New York, New York 10019
Tel. 212-401-1959
Email: tracey@spencerwalshlaw.com